(No. 75-CV-118—)
JOSEPH J. OZIMEK, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.
*Opinion filed March 24, 1975.*

JOSEPH J. OZIMEK, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on July 30, 1974, at 8601 South Manistee, Chicago, Illinois. Joseph J. Ozimek, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act." *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Joseph J. Ozimek, age 47, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on July 30, 1974, the claimant was shot in the abdomen after he interrupted a robbery in progress at Ed's Sport Club, at 8601 South Manistee Street, in Chicago.

3. That statements taken by police investigators shortly after the crime was committed present no evidence of provocation by the victim for the attack upon him.

4. That the victim was hospitalized from July 30, 1974, to August 12, 1974, as a result of the shooting of August 12, 1974. A further and more detailed investigation considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant were related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. The police investigation is presently continuing.

7. That the claimant seeks compensation under the Act for loss of earnings as a result of his injuries.

8. That the victim was unable to work during the period of July 30, 1974, to October 16, 1974, as a result of his injuries; that the sustained loss of earnings during this period is in the amount of $1,819.93, based on his average monthly earnings for the 6 months immediately preceding his injury. This amount is compensable pursuant to the following provision in §4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6

months immediately preceding the date of the injury or on $500 per month, whichever is less."

The amount of actual loss of earnings sustained by the claimant is greater than $500 per month. In accordance with §4 of the Act, the $500 per month limit is controlling, and, using this rate for 2 months and 16 days, the total compensable loss of earnings sustained by the claimant is $1,263.16.

9. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were covered by insurance benefits, and the gross amount of all pecuniary losses as computed before deductions and set-offs is as follows:

| | | |
|---|---|---|
| 1) | Loss of Earnings | $1,263.16 |
| 2) | Hospital | 1,941.35 |
| 3) | Medical | 1,045.00 |
| | | $4,249.55 |

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local government, State or Federal funds, or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

11. That in the claim before us, the benefits received by the claimant, as contemplated by §7(d) of the Act, were shown to be:

| | |
|---|---|
| Gross losses | $4,249.55 |
| Less Insurance Benefits | −1,620.00 |
| Less Public Aid benefits | − 249.00 |
| Less Statutory deduction | − 200.00 |
| Net Compensable Claim | $2,170.55 |

It is to be noted that there was a deduction from the gross figure; this is the statutory deduction of $200. This leaves a total of $2,170.55 as the actual amount of loss sustained by the claimant. Hence, the claimant is entitled to an award in the amount of $2,170.55.

IT IS HEREBY ORDERED that the total sum of $2,170.55 (TWO THOUSAND ONE HUNDRED SEVENTY DOLLARS AND FIFTY-FIVE CENTS) be awarded to the claimant, Joseph J. Ozimek, an innocent victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the COURT OF CLAIMS FUND to Joseph J. Ozimek, as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $1,170.56 be referred forthwith to the GENERAL ASSEMBLY for its approval.